**Lena GOMEZ**

v.

**Margaret M. HECKLER, Secretary, U.S. Department of Health and Human Services.**

**Civ. A. No. 83–5028.**

United States District Court, E.D. Pennsylvania.

Oct. 5, 1984.

---

**693**

Eric J. Fischer, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

·OPINION

LUONGO, Chief Judge.

In this lawsuit, plaintiff Lena Gomez seeks review of a decision of the Secretary of Health and Human Services denying her claim for disability benefits. Upon submission of plaintiff's motion for summary judgment and the Secretary's cross-motion, I referred the matter to Magistrate Richard A. Powers, III. On August 13, 1984, Magistrate Powers filed a Report and Recommendation in which he concluded that the Secretary's decision was not supported by substantial evidence, and recommended that the Secretary's finding be reversed. For the reasons discussed below, I agree with Magistrate Powers' ultimate conclusion that the Secretary's decision should be reversed and the case remanded for calculation of benefits.

As both the Administrative Law Judge and Magistrate Powers noted, the plaintiff in this case suffers from a variety of physical impairments the most severe of which is chronic asthma. Plaintiff also suffers from exertional impairments affecting her knees and feet as well as bilateral carpal tunnel syndrome in her hands.

Despite the plaintiff's physical problems, the ALJ concluded that she possessed the residual capacity to perform sedentary work. Applying the medical-vocational guidelines established by the Secretary for disability cases, *see* 20 C.F.R. Part 404, Appendix 2, § 201.03, 201.11, the ALJ then concluded that plaintiff was not disabled from engaging in substantial gainful employment. *See* 20 C.F.R. § 404.1520(a).

The magistrate recommended reversal of the Secretary's final decision on several grounds. The magistrate found that the ALJ had substituted his medical judgment for that of expert physicians, that the ALJ failed to consider the combined effect of the plaintiff's impairments, and that the ALJ improperly relied on the medical-vocational guidelines despite the existence of non-exertional impairments. In addition, the magistrate reasoned that the ALJ failed properly to explain his rejection of the opinions of physicians whose reports indicated that plaintiff is disabled, and that there is insufficient evidence that the national economy holds employment for individuals requiring an environment free of elements that would exacerbate plaintiff's asthma.

After consideration of the record as a whole, I conclude that the ALJ's disposition of plaintiff's claim does not pass muster under the standards established by the Third Circuit Court of Appeals.

I note at the outset, however, that I cannot agree with the magistrate's conclusion that the ALJ based his decision on personal observation or expertise. The medical reports submitted in this case, particularly those prepared by Dr. Hanney and Dr. Fuller provide at least some evidence that plaintiff could satisfy the demands of a properly tailored sedentary occupation.

■ I need not resolve the adequacy of the ALJ's lengthy analysis of the medical reports, however, because the ALJ's conclusion that there are sufficient jobs in the national economy that fulfill plaintiff's environmental requirements cannot be sustained on the basis of the record. The ALJ took judicial notice that plaintiff's needs could be met in a quality inspection position in the pharmaceutical, optical, or electronic industries. Although such jobs undoubtedly exist, it is not sufficient for the ALJ to identify isolated occupations that might exist only in other geographic regions. 20 C.F.R. § 404.1566(b). *See also Santise v. Schweiker*, 676 F.2d 925 (3d Cir.1982). In the absence of evidence that such jobs exist

in the national economy in significant numbers, the ALJ's decision cannot stand.

■ In this regard, I concur with the magistrate's judgment that the ALJ placed undue emphasis on the medical-vocational grid. Plaintiff's affliction with a non-exertional impairment requires modification of the grid analysis because of the reduced number of sedentary occupations that plaintiff could be deemed able to perform. As noted above, the ALJ did not remedy that deficiency in the analysis by developing evidence that sufficient jobs exist in the national economy for persons with exertional and non-exertional impairments such as plaintiff's.

■ Ordinarily the appropriate disposition of a Social Security case in this posture would be to remand the matter to the Secretary for further proceedings. *Podedworny v. Harris*, 745 F.2d 210 (3d Cir.1984). In the case at bar, however, the burden of additional administrative exhaustion cannot be justified in light of the length of time already consumed by consideration of plaintiff's request for benefits and the low probability that the Secretary will be able to identify a sufficient quantity of positions that meet the environmental criteria discussed above. Plaintiff (now 57 years of age) first applied for disability benefits on June 17, 1980. To speculate at this late date that sufficient acceptable jobs exist for persons of plaintiff's age and condition would be to invite further delay without a corresponding likelihood that the effort will prove fruitful. As the court of appeals held in *Podedworny*, in order for an ALJ to determine that plaintiff is not disabled, he or she would be required to develop evidence as to the employment market for individuals with plaintiff's impairments, and to conclude from that record that acceptable positions exist in sufficient numbers. After consideration of the severity of plaintiff's impairments, the limited work skills plaintiff may have acquired as a quality control inspector in the plastics industry, and the court of appeals' decision in *Podedworny*, I conclude that remand would serve no useful purpose.